FILED
2022 Sep-30  AM 09:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| **GARRICK PENNINGTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.** |
| | ) | |
| **TUSCALOOSA COUNTY, ALABAMA;** | ) | |
| **RON ABERNATHY, in his** | ) | |
| **individual and official capacity as Sheriff of** | ) | |
| **Tuscaloosa County, Alabama; and unknown** | ) | |
| **Deputies and other Employees and Agents of the** | ) | |
| **Tuscaloosa County, Alabama Sheriff** | ) | |
| **Department in their individual and official** | ) | |
| **Capacity,** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

### I.     PRELIMINARY STATEMENT

This lawsuit involves the severe beating and assault of Mr. Garrick Pennington (Mr. "Pennington"), Caucasian, at the hands of African-American detainees and the denial of medical attention following said beating by Tuscaloosa County, Alabama (hereinafter "Tuscaloosa"), by employees and/or staff of Tuscaloosa. On or about September 15, 2020, Mr. Pennington was arrested by Tuscaloosa County sheriff deputies and placed in detention. On or about October

1

3, 2020, Mr. Pennington was brutally beaten by at least four black male detainees. Mr. Pennington suffered serious and significant injury to his body, head, and face. No Tuscaloosa County official came to the aid or defense of Mr. Pennington. Moreover, he was denied basic medical attention, which further violated Mr. Pennington's constitutional rights and exacerbated his injuries, pain and suffering.

## II.   JURISDICTION

1.   Mr. Pennington is seeking relief under the United States Constitution through 42 U.S.C. § 1983, therefore the jurisdiction of this Court is instituted and authorized pursuant to 28 U.S.C. § 1331, 1343(a)(3) and 1343(a)(4). Supplemental jurisdiction for the Alabama state law claims is invoked pursuant to 28 U.S.C. §1367.

## III.   VENUE

2.   Venue is proper in the Northern District of Alabama, Western Division, under 28 U.S.C. § 1391(b), which allows for an action to be brought in the district court where the Defendants reside or in which the cause of action arose.  The cause of action arose in the City of Tuscaloosa, Alabama, which is located in Tuscaloosa County, Alabama.   Upon information and belief, the Defendants reside in Tuscaloosa County, Alabama.  A substantial part of the unlawful acts alleged herein occurred in Tuscaloosa County, Alabama.

## III.    STATEMENT IDENTIFYING THE PARTIES

3.    Plaintiff, Garrick Pennington, is an individual over the age of nineteen (19) years and a citizen of the United States residing in Jefferson County, Alabama.

4.    Defendant, Tuscaloosa County (hereinafter Defendant "County"), is a political subdivision of the State of Alabama, an Alabama municipal corporation, and, at all times relevant hereto, it employed Defendants, Sheriff Ron Abernathy, each deputy sheriff on duty, who had responsibility for monitoring and maintaining order in the cell block at the time Mr. Pennington was severely beaten and seriously wounded, and each deputy sheriff and employee and/or agent who refused to provide Mr. Pennington medical attention and care after Mr. Pennington was severely beaten and seriously wounded.    Thus, Defendant County is responsible for the acts and/or omissions of its employees and agents taken in the scope of their employment and is responsible for adequately training its employees on the statutory and constitutional requirements of their authority while acting within the scope of their employment and under color of state law.

5.    At all times relevant hereto, Defendant Ron Abernathy (hereinafter Defendant "Abernathy") was the duly elected Tuscaloosa County Sheriff and is sued in his individual capacity.    As such, he was the commanding officer of all deputies and other employees and staff members who had responsibility for

3

monitoring and maintaining order in the respective cell block at the time Mr. Pennington was severely beaten and seriously wounded, each deputy sheriff and other employee and/or agent of the Tuscaloosa County Sheriff Department who refused to provide Mr. Pennington medical attention and care after Mr. Pennington was severely beaten and seriously wounded, and all deputy sheriffs, employees, and/or agents of the Tuscaloosa County Sheriff Department on duty who violated the statutory and civil rights of Garrick Pennington.  As the supervisor and final policymaker, Defendant Abernathy was responsible for the training, supervision and conduct of all deputy sheriffs and staff members under his command.  He was also responsible for enforcing the regulations of Tuscaloosa County and for ensuring that the personnel of the County obeyed the laws of the State of Alabama and the United States of America.

6.    At all times relevant hereto and in all actions described herein, the deputy sheriffs and Tuscaloosa County employees and/or agents on duty who had responsibility for monitoring and maintaining order in the respective cell block at the time Mr. Pennington was severely beaten and seriously wounded, and each Tuscaloosa County deputy sheriff, employee, and/or agent member who refused to provide Mr. Pennington medical attention and care after Mr. Pennington was severely beaten and seriously wounded  were acting under color of law as deputy

sheriffs, and in such capacity, as the agents, servants and employees of Defendant Tuscaloosa.  All such Tuscaloosa County Sheriff Department deputies, employees, and/or agents are sued in their individual capacity.

7.    At all times relevant hereto and in all actions described herein, all Tuscaloosa County deputy sheriffs, employees and/or agents were acting under color of law as County-employed personnel and, in such capacity, as the agents, servant and employee of Defendant County.  All such personnel are sued in their individual capacity.

8.    Mr. Pennington will amend his Complaint to specifically name any and all such individuals, in their individual capacity, as discovery reveals their identities.

## IV.    STATEMENT OF THE FACTS

9.    Garrick Pennington was born on April 19, 1979 in Bibb County, Alabama.

10.    In May 2019, Mr. Pennington had a mass (cholesteatoma) removed from his ear canal, skull and the membrane lining his brain.  Consequently, Mr. Pennington had a Cochlear Piston Implant inserted in his left ear.  This resulted in a reduction in hearing in Mr. Pennington's left ear.

11.    The insertion of the Cochlear Piston Implant resulted in reduced hearing to Mr. Pennington's left ear and caused him to become more prone and subjected to

frequent and severe headaches.

12.    Mr. Pennington was detained in the Tuscaloosa County Detention Center on or about September 15, 2020 as a pretrial detainee.

13.    On or about the evening of October 3, 2020, Mr. Pennington was seated at the table in the dining facility with his head down, when a group of African Americans began banging on the table; Mr. Pennington asked them to stop, but they refused.

14.    Mr. Pennington started to walk back to his cell when he was struck in the rear of his head, but he did not stop to question or confront the aggressor(s) in any way.

15.    Soon after he laid down on his bunk, Mr. Pennington was grabbed by his ankles, snatched from his bunk and brutally beaten by at least four (4) African American males.

16.    The assailants repeatedly stomped Mr. Pennington's chest and head and kicked and kicked him all over his body; as a result, Mr. Pennington bled profusely from his nose and mouth, had two (2) black eyes, had a swollen face and head, and breathed heavily from his mouth (as he could not breathe from his nose).

17.    After the assault, a deputy sheriff (uniformed officer) arrived in the cell block where Mr. Pennington was dragged and beaten finally and asked Mr.

Pennington whether he needed medical attention; Mr. Pennington responded in the affirmative.

18.    Mr. Pennington was taken to another room within the detention facility.

19.    Shortly after the deputy sheriff (uniformed officer) left Mr. Pennington, the staff nurse arrived, and she too asked Mr. Pennington whether he wanted medical attention; Mr. Pennington again responded affirmatively.

20.    Despite being in obvious need of immediate medical attention and requesting medical attention from two Tuscaloosa County Sheriff Department personnel, Mr. Pennington was denied medical care.

21.    Instead, Mr. Pennington was left in his bruised, battered and severely and permanently injured condition without medical attention for the balance of his confinement, which ended October 7, 2020 when his mother picked him up.

22.    After seeing Mr. Pennington's condition, Mr. Pennington's mother took him to UAB Hospital immediately.

23.    As a direct result of (i) the Tuscaloosa County and Tuscaloosa County Sheriff's Department failure to adequately monitor the Tuscaloosa County Detention Center and (ii) sheriff deputies and other County employees and staff members responsible for responding to and addressing the medical needs of pretrial detainees (and their obvious failure to do so here), Mr. Pennington was

grievously injured.

24.    The deputies', employees' and staff members' actions were not objectively reasonable in light of the facts and circumstances which confronted them before, during and after Mr. Pennington was viciously attacked, severely beaten, and denied necessary medical attention.

25.    Mr. Pennington sustained a broken nose, serious and permanent injury to his back, permanent hearing loss to his left ear and deep contusions to multiple parts of his body.

26.    Mr. Pennington did nothing to provoke the vicious attack that left him severely and permanently injured.

27.    Defendants Tuscaloosa County, Abernathy and the deputies on duty on the night Mr. Pennington was beaten, had reason to believe that Garrick Pennington, a pretrial detainee, was at heightened risk of grave physical danger given the climate and the racial tension and fervor of the time.

28.    Defendants Tuscaloosa County Detention Center employees and staffers had no legitimate reason to believe that Mr. Pennington had been convicted of a crime or threatened infliction of serious physical harm to others.

29.    Defendants Tuscaloosa County deputies and agents on duty when Mr. Pennington was savagely beaten had reason to believe Mr. Parrington needed

immediate and extensive medical attention, but they willfully withheld it.

## V.     CAUSES OF ACTION

### COUNT I

**Unconstitutional Use/Failure to Provide Adequate Protection to Pre-trial Detainees (42 U.S.C. § 1983)
in Violation of the Fourth and Fourteenth Amendments
to the Constitution of the United States
(versus Defendants Tuscaloosa County Detention Center Officials  in their Individual Capacity)**

30.     The Plaintiff re-alleges and incorporates by reference the above paragraphs with the same force and effect as if fully set out in specific detail herein below.

31.     Mr. Pennington did not engage in any aggressive or provocative conduct toward the African-American males who attacked and brutally beat him on or about October 3, 2020.

32.     Racial tensions in this country, generally, and in the deep South, especially, was at a fever pitch, given the recent slaying of George Floyd.

33.     However, because of his experience with Tuscaloosa County Detention Facility officials, Mr. Pennington was mercilessly beaten and then denied adequate medical treatment.

34.     Mr. Pennington, a physical small and unimposing person, presented no threat to any persons and had no record or history of violence or abusive behavior.

35.     Despite Mr. Pennington not presenting a threat to anyone or engaging in any

threat or hint of violence or aggression, not one of the officers on the scene intervened to protect Mr. Pennington from attack.

36.    Defendants violated Mr. Pennington's right to be free from unreasonable seizure of his person when he was placed in a dangerous situation and then denied adequate medical treatment.

37.    Defendants' actions were objectively unreasonable and violated Mr. Pennington's rights to life and integrity of his person.  The Fourth and Fourteenth Amendments fully protect these rights.

38.    Many of the Defendants specific acts were objectively unreasonable and unconstitutional including their:

   a.    Failure to assess the relevant circumstances before placing Mr. Pennington in a volatile and potentially deadly situation; and,

   b.    Failure to adequately respond to Mr. Pennington's medical needs after he was severely beaten.

39.    As a direct and proximate result of the aforesaid unlawful and deliberately Indifferent actions of Defendants Tuscaloosa County Detention Center officials and employees, which were committed under color of law and under their authority as Tuscaloosa County officials, Mr. Pennington suffered grievous bodily harm and was deprived of his right to be free from punishment until convicted and his right

to due process of law as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

## COUNT II

### Violation of Alabama Constitution
### (versus Defendants Tuscaloosa County Detention Center Officials in their Individual Capacity)

40.    The Plaintiff re-alleges and incorporates by reference the above paragraphs with the same force and effect as if fully set out in specific detail herein below.

41.    When Defendants Tuscaloosa County Detention Center officials and employees placed Mr. Pennington in the volatile and dangerous situation and then failed to provide access to necessary medical treatment deprived him of his right to be free from unreasonable seizures, as guaranteed to him under the Alabama Constitution.

## COUNT III

### Civil Rights Claim (42 U.S.C. § 1983)
### Failure to Supervise & Train
### Violation of Fourth and Fourteenth Amendment Rights
### (versus the County of Tuscaloosa, Alabama and Sheriff Ronald Abernathy in his Individual Capacity)

42.    The Plaintiff re-alleges and incorporates by reference the above paragraphs with the same force and effect as if fully set out in specific detail herein below.

11

43.    Defendants Tuscaloosa County and Tuscaloosa County sheriff developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in Tuscaloosa, Alabama which caused the violation Mr. Pennington's rights.

44.    Tuscaloosa County and Sheriff Ron Abernathy are directly responsible for supervising and training detention facility employees and other staff in handling and processing pre-trial detainees to avoid violating Tuscaloosa County policies or the Unites States Constitution.

45.    It was the policy and/or custom of Tuscaloosa County and Sheriff Ron Abernathy to inadequately and improperly handle and protect the state of Alabama and U.S. constitutional rights of pre-trial detainees.

46.    It was the policy and/or custom of Tuscaloosa County and Sheriff Abernathy to inadequately supervise and train County detention facility employees and staffers, thereby failing to adequately discourage further constitutional violations on the part of its employees and staffers.  Tuscaloosa County did not require appropriate in-service training or re-training of employees and staffers who were known to have failed to adequately protect the constitutional rights of pre-trial detainees.

47.    As a result of the above policies and customs, Tuscaloosa County Detention

12

Center employees and staffers believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

48.    The above described polices and customs demonstrated a deliberate indifference on the part of policymakers of Tuscaloosa County to the constitutional rights of persons within Tuscaloosa County, and were the cause of the violations of Mr. Pennington's rights alleged herein.

49.    These written and unwritten policies of Tuscaloosa County and Sheriff Abernathy in failing to supervise or train the Tuscaloosa County Detention Center employees and staff are, therefore, the moving forces behind the violations of Mr. Pennington's Fourth and Fourteenth Amendment rights.

50.    As a direct and proximate result of Defendants' acts and omissions as stated above, Mr. Pennington was deprived of his Fourth and Fourteenth Amendment rights and suffered injuries and damages.

## COUNT IV

**Violations of the Americans with Disabilities Act Amendments Act of 2008
(ADAAA)
And Section 504 of the Rehabilitation Act of 1973
(versus Tuscaloosa County)**

51.    The Plaintiff re-alleges and incorporates by reference the above paragraphs with the same force and effect as if fully set out in specific detail herein below.

52.    Tuscaloosa violated Title II of the ADAAA (42 U.S.C. §§ 12131-12134, 12131(2), 12182 and Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794).

53.    Title II of the ADAAA and Section 504 apply to Tuscaloosa County.

54.    Title II affirmatively requires that governmental agencies modify and accommodate their practices, policies, and procedures as necessary to avoid discriminating against individuals with disabilities.

55.    Tuscaloosa County has been, and is, a recipient of federal funds.

56.    Tuscaloosa County must comply with Section 504's mandate.

57.    Section 504 requires that federal money recipients reasonably accommodate persons with disabilities in their program activities and services and reasonably modify such services and programs to accomplish this purpose.

58.    Tuscaloosa County qualifies as a program and service for purposes of Title II of the ADA and Section 504.

59.    Individuals with a hearing impairment other than deafness, like Mr. Pennington, meet Title II's and Section 504's definition of disability

60.    Tuscaloosa County violated Title II of the ADAAA and Section 504 in at least the following ways:

    a.    By failing and refusing to reasonably modify and accommodate

department operations and services for Mr. Pennington, which would include providing pre-trial detainees with impaired hearing with adequate protections by ensuring safe encounters and educating and training detention facility employees an in the care of individuals with impaired hearing.    Tuscaloosa County made none of these modifications and accommodations;

b.    By failing and refusing to adopt a policy to protect the well-being of pre-trial detainees, with hearing impairments, Tuscaloosa facilitated discriminatory treatment;

c.    By discriminating against Mr. Pennington, on the basis of his disability, by not accommodating his hearing impairment; and,

d.    By failing to conduct a self-evaluation plan under the ADAAA and Section 504, and then failing to modify its programs and services to accommodate the needs of persons with hearing impairments, such as Mr. Pennington, when encountering them in crisis situations.

61.    Plaintiff seeks damages, as well as declaratory and injunctive relief, under the ADA and Section 504.

15

## COUNT V

## Negligence
### (versus All Defendants)

62.    The Plaintiff re-alleges and incorporates by reference the above paragraphs with the same force and effect as if fully set out in specific detail herein below.

63.    Defendants owed a duty of care to Mr. Pennington to conduct themselves in a reasonable manner to protect pre-trial detainees like Mr. Pennington.

64.    Defendants breached their duties in the following non-exhaustive ways:

a.    By placing Mr. Pennington in an inherently and foreseeably dangerous detention situation;

b,    By failing to respond reasonably to Mr. Pennington's medical needs after he was savagely beaten by African-American detainees;

c.    By placing Mr. Pennington under the control of detention center employees who were unqualified and/or untrained to respond to a situation involving a person known to be hearing impaired or who had suffered serious bodily injury; and,

d.    By failing to properly train detention center employees and staff about responding to situations involving individuals with hearing impairments detention center employees who were unqualified and/or untrained to respond to a situation involving a person known to be

16

hearing impaired or who had suffered serious bodily injury.

65.    Defendants' breaches of duty caused Mr. Pennington grievous physical and emotional injury.

69.    Defendants' breaches of duty were willful, wanton, and/or reckless.

.

## VI.    **PRAYER FOR RELIEF**

WHEREFORE Plaintiff Garrick Pennington prays for the following relief:

A.    For a declaration that Defendants Tuscaloosa County sheriff deputies, employees and staff members violated Mr. Pennington's rights under the United States and Alabama Constitutions;

B.    For a declaration that the Tuscaloosa County violated Mr. Pennington's rights under Title II of the ADA, Section 504 of the Rehabilitation Act of 1973;

C.    For a declaration that the customs, practices, and policies, and/or lack thereof, of Tuscaloosa County, the Tuscaloosa County sheriff, and Defendants Tuscaloosa County Sheriff Department deputies, employees and staff members violated Mr. Pennington's rights under the U.S. Constitution;

D.    For an injunction to redress the above-described acts and/or omissions;

E.    For damages, including an amount for the violation of Mr. Pennington's

constitutional rights;

F.      Compensatory damages in an amount to be determined as fair and just under the circumstances, by the trier of fact including, but not limited to pain and suffering, medical expenses, loss of earnings and earning capacity, mental anguish, anxiety, humiliation, and embarrassment, violation of Mr. Pennington's federal and state rights, loss of social pleasure and enjoyment, and other damages to be proved at trial;

G.      Statutory compensatory damages and punitive damages pursuant to 42 USC § 1988;

H.      Statutory attorneys' fees and costs pursuant to 42 USC § 1988;

I.      Punitive and/or exemplary damages in an amount to be determined as reasonable or just by the trier of fact;

J.      Reasonable attorney fees, pre-judgment and post-judgment interest, and costs; and

K.      Other declaratory, equitable, and/or permanent injunctive relief, as appears to be reasonable and just.

### PLAINTIFF DEMANDS TRIAL BY STRUCK JURY.

**THE UNDERSIGNED COUNSEL WILL PROVIDE THE SERVICE MATERIALS TO CLERK OF COURT FOR DELIVERY TO DEFENDANTS TUSCALOOSA COUNTY AND RON ABERNATHY.**

Respectfully submitted,

*/s/ Robert L. Beeman, II*
Robert L. Beeman, II
Roderick T. Cooks
Lee D. Winston
Attorneys for the Plaintiff

**PLAINTIFF'S ADDRESS:**
Garrick Pennington
c/o Robert L. Beeman, II
BEEMAN LAW FIRM
P.O. Box 253
Helena, AL 35080
205.422.9015 (P)
800.693.5150 (F)
rlbsportsmgnt12@gmail.com

Roderick T. Cooks
Lee Winston
Winston Cooks, LLC
420 20th Street North
Suite 2200
Birmingham, AL 35203
205.482.5174 (P)
205.278.5876 (F)
lwinston@winstoncooks.com
rcooks@winstoncooks.com

**<u>DEFENDANTS' ADDRESS:</u>**

Tuscaloosa County
  c/o Mr. M.L. Vines (Administrator)
714 Greensboro Avenue
Tuscaloosa County, AL 35401

Mr. Ron Abernathy
714 Greensboro Avenue
Tuscaloosa, AL 35401